UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANET DENNIS,
        Plaintiff,

v.

GEOVERA SPECIALTY
INSURANCE COMPANY,
        Defendant.

Case No. 6:21-cv-335-JA-EJK

## ORDER

This case is before the Court on Plaintiff Janet Dennis's Motion to Remand (Doc. 15). Because the jurisdictional requirements are not satisfied, Dennis's motion must be granted.

**I.   Background**

Dennis filed this action in state court against her insurance company, Defendant GeoVera Specialty Insurance Company. (Compl., Doc. 1-1). Dennis alleges that GeoVera breached the parties' insurance contract by refusing to reimburse her for a storm-related loss to her residence. (Id. at 3). She does not claim a specific amount of damages, but states that her damages exceed the jurisdictional threshold for the state court—$30,000. (Id. at 1). She includes a claim for attorney's fees, as authorized by Florida statutes. (Id.).

GeoVera timely removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332.[1] (Notice of Removal, Doc. 1). Dennis then

---

[1] A defendant may remove an action from state court to federal court if the federal court has original jurisdiction over the case, 28 U.S.C. § 1441(a), such as under

filed her motion to remand, asserting that GeoVera has not met its burden of proving that the amount in controversy exceeds $75,000, as required for this Court to have subject-matter jurisdiction over the case.[2]

## II. Discussion

When a plaintiff does not plead a specific amount of damages in a complaint, a party seeking removal bears the burden of establishing by a preponderance of the evidence that jurisdiction exists. Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005). GeoVera asserts that the actual amount in controversy exceeds $75,000 based on Dennis's post-suit settlement demand email. The seven-sentence email states a global demand of $78,000, including attorney's fees and costs. (Doc. 1-6). It then requests any counteroffers from GeoVera and offers to set a teleconference to discuss the case and "get bottom line numbers." (Id.). Attached to the email are a $60,674.34 repair estimate and photos of the damage. (Id.).

District courts may consider settlement demand emails when "determining whether the amount in controversy requirement is satisfied." Gillinov v. Hillstone Rest. Grp., Inc., 92 F. Supp. 3d 1251, 1254–55 (S.D. Fla. 2015). Courts analyze whether demand emails "reflect puffing and posturing,"

---

the court's § 1332 diversity jurisdiction. Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).
[2] GeoVera Specialty Insurance Company filed a response. (Doc. 19).

2

or whether they "provide 'specific information . . . to support [the plaintiff's] claim for damages'" and thus offer "'a reasonable assessment of the value of [the] claim.'" Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (first alteration in original) (quoting Golden Apple Mgmt. Co. v. Geac Computs., Inc., 990 F. Supp. 1364, 1368 (M.D. Ala. 1998)).

Here, the demand email does not provide specific information as to how Dennis reached the $78,000 figure. And Dennis's request for counteroffers and a meeting makes clear that the $78,000 demand was merely an initial volley in the settlement process. The Court gives little weight to such a demand. The high level of uncertainty regarding the amount in controversy must therefore be resolved in favor of remand. See City of Vestavia Hills v. Gen. Fid. Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012) ("Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." (quoting Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999))).

### III. Conclusion

In accordance with the foregoing, it is **Ordered** as follows:

1. Plaintiff's Motion to Remand (Doc. 15) is **granted**.

2. This case is hereby **remanded** to the Circuit Court of the Eighteenth Judicial Circuit, in and for Seminole County, Florida, Case No. 2021-CA-000172.

3. After remand of the case, the Clerk shall close this file.

**DONE** and **ORDERED** in Orlando, Florida, on April _12_, 2021.

                                      JOHN ANTOON II
                                United States District Judge

Copies furnished to:
Counsel of Record

4